Civil action to recover for lumber sold and delivered.
At the time of the institution of this action, on 24 April, 1941, plaintiff caused warrant of attachment to issue against defendants, as nonresidents of North Carolina. Under the warrant the sheriff attached certain property, among other things one Tower-Double saw gang edger, an office table and a "roll top desk," to the ownership of which defendant H. W. Weaver set up claim.
Upon the trial the evidence for plaintiff failed to show that a partnership existed between defendants, but did tend to show that defendant J. E. Richmond was indebted to plaintiff in the amount claimed in his complaint, with respect to which, issue as to Richmond's liability was submitted to jury, and answered in the affirmative.
Plaintiff further offered evidence tending to show that, while defendant Weaver had looked at the table and desk in the store, with the view to buying it, he did not complete the purchase, and defendant Richmond later went to the store and bought and paid for them; and that the edger was brought by Richmond to Weaver's mill. On the other hand, defendant Weaver offered evidence tending to show that he bought the *Page 748 
table and desk, and that, though Richmond paid for it, he did so as a part payment on amount due by him to Weaver for dressing lumber; and that he, Weaver, purchased the edger from Richmond about the first of March, 1941, at price of $270, payment of which was by agreement offset by $140 then due to him by Richmond for dressing lumber, and the balance paid by further dressing of lumber for which Richmond became indebted to him.
The court submitted an issue as to whether J. E. Richmond was the owner of the edger, table and desk, or any of them, to which the jury answered, "Yes, all." From judgment thereon defendant H. W. Weaver appealed to Supreme Court and assigns error.
We are of opinion that the evidence bearing on issue as to whether J. E. Richmond owned the edger, table and desk, when taken in the light most favorable to plaintiff, was sufficient to take the case to the jury, and to support the verdict thereon. It was purely an issue of fact, which the court fairly presented to the jury, and the jury has taken plaintiff's version.
We find
No error.